# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Gregory Love Stone,<br>*on behalf of himself and all others similarly situated*,<br><br>        Plaintiff,<br><br>v.<br><br>Aargon Agency, Inc.,<br>*d/b/a Aargon Collection Agency*,<br><br>        Defendant. | Case No. 17-cv-02314-KMM<br><br>**FINAL APPROVAL ORDER** |

  The Court, having held a Final Approval hearing on October 15, 2018, notice of the hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement, (2) Approving Class Action Notice, (3) Certifying a Settlement Class, (4) Appointing Class Counsel and a Class Representative, and (5) Setting Final Approval Hearing (the "Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order and good cause appearing therefore,

  It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. The Settlement Agreement and Release dated April 24, 2018, including its Exhibits ("the Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter. The terms and definitions of this Court's Amended Preliminary Approval Order (ECF No. 41) are also incorporated by reference in this Final Approval Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all Settlement Class Members with respect to the Settlement

1

Class certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> All consumers who paid an additional fee to Aargon Agency, Inc. for use of a credit or debit card to make payment on a debt which Aargon sought to collect on behalf of a third party creditor, during the period June 27, 2016 through December 31, 2017.

3. The Court hereby finds that the Settlement is the product of arm's length settlement negotiations between Plaintiff and Defendant.

4. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms of the Agreement and that the Class Notice and its dissemination were in compliance with the Agreement and this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, was the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.

6. The record does not reflect that any class members either objected to the proposed settlement or opted out of the settlement. No objecting communications were received by the Court, by either party, or by counsel for either party. Furthermore, no objectors appeared at the public hearing on October 15, 2018 to contest the settlement.

7. The Court hereby finally approves the Settlement and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

8. The Court hereby finally certifies the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Action satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure.

9. The Court hereby approves the plan of distribution for the Settlement Award as set forth in the Agreement. The Settlement Administrator is hereby ordered to comply with the terms of the Agreement with respect to distribution of Settlement Awards, and the disposition of any remaining funds thereafter. Should any remaining funds be distributed, the Court hereby approves the University of Minnesota Law School Consumer Law Clinic as the *cy pres* recipient.

10. This Court hereby dismisses this Action, with prejudice, without costs to any Party, except as expressly provided for in the Agreement.

11. As of the Effective Date, the Plaintiff and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims.

12. Plaintiff and each and every Settlement Class Member, and any person actually or purportedly acting on behalf of Plaintiff or any Settlement Class Member, are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative, or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

13. The Agreement (including any and all exhibits attached thereto) and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Defendant, or the truth of any of the claims. Evidence relating to

the Agreement, including but not limited to any confirmatory discovery, will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order, and/or this Final Approval Order.

14. In the event that the Settlement is terminated, canceled, or fails to become effective for any reason: (a) the Parties and the Action will return to the status quo as it existed prior to the Agreement; and (b) Aargon shall not be liable for payments to the Settlement Class, Plaintiff, and Class Counsel. The Settlement and its existence shall be inadmissible to establish any fact relevant to any alleged liability of the Released Parties for the matters alleged in the Action or for any other purpose.

15. In the event that any provision of the Agreement or this Final Approval Order is asserted by Defendant as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action, or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

16. By incorporating the Agreement and its terms herein, the Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

17.  The Court approves Class Counsel's application for $50,000.00 in attorneys' fees and costs, and a service award for Plaintiff in the amount of $6,250.00.  The Court finds that the amount in attorneys' fees and costs is appropriate in light of the facts of the case and the full record before the Court.  The Court considers seven factors when determining whether an award of attorneys' fees is reasonable:

> (1) the benefit conferred on the class, (2) the risk to which plaintiffs' counsel was exposed, (3) the difficulty and novelty of the legal and factual issues of the case, (4) the skill of the lawyers, both plaintiffs' and defendants', (5) the time and labor involved, (6) the reaction of the class, and (7) the comparison between the requested attorney fee percentage and percentages awarded in similar cases.

*Caligiuri v. Symantec Corp.*, 855 F.3d 860, 866 (8th Cir. 2017).  Here, (1) the class members will receive all of their individual damages along with statutory damages; (2) Class Counsel exposed themselves to great risk by taking this case on a contingency basis; (3) counsel on both sides have extensive experience in complex class actions, and each side was represented skillfully and zealously; (4) Class Counsel expended significant time and effort in bringing this action, and the attorneys' fees award is less than Class Counsel's actual fees and costs; and (5) there have been no objections or opt outs from any class member.  *See id.*  These factors weigh in favor of the attorneys' fees and costs award.  The Court further finds that the amount of the service award is appropriate in light of the actions and effort of the Plaintiff in pursuing the litigation and the benefit the class received as a result of his actions.  *See In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002).

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Date: October 25, 2018
    s/ *Katherine Menendez*
    Katherine Menendez
    United States Magistrate Judge